1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8
9
10
11
12

CELIA STAUTY LUIS,

        Plaintiff,

    v.

METROPOLITAN LIFE INSURANCE
COMPANY,

        Defendant.

Case No.  5:14-cv-04436-EJD

**ORDER GRANTING DEFENDANT'S
MOTION FOR JUDGMENT ON THE
PLEADINGS**

Re: Dkt. No. 22

13

      Plaintiff Celia Stauty Luis ("Plaintiff") filed this action against Defendant Metropolitan

14

Life Insurance Company ("MetLife") after learning she could not recover life insurance benefits

15

because she was not named as the beneficiary of her husband's policy.  Presently before the court

16

is MetLife's Motion for Judgment on the Pleadings.  See Docket Item No. 22.  Plaintiff filed an

17

opposition to the motion.  See Docket Item No. 25.

18

      Federal jurisdiction arises pursuant to 28 U.S.C. § 1332.  The court has carefully

19

considered both parties' arguments, including those related to Plaintiff's request for leave to file

20

an amended complaint.  As will be explained below, MetLife is entitled to judgment on the

21

pleadings and Plaintiff has not articulated a valid claim upon which she could base an amended

22

complaint.  Accordingly, MetLife's motion will be granted and Plaintiff's request for leave to

23

amend will be denied.

24
25
26
27
28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  **I.   BACKGROUND**

2     **A.   Plaintiff's Allegations**

3        Plaintiff was married to Osvaldo Luis ("Osvaldo"),[1] who is deceased.  See Compl., Docket

4  Item No. 1, at ¶ 1.  Prior to his marriage to Plaintiff, Osvaldo purchased a life insurance policy

5  from MetLife and designated Kristan Grace ("Grace") as the intended beneficiary.  Id. at ¶ 3.

6        On June 21, 2011, Osvaldo attempted to change the beneficiary designation from Grace to

7  Plaintiff by submitting a change of beneficiary form to MetLife.  Id. at ¶ 4.  In response, Osvaldo

8  received a letter from MetLife on July 5, 2011, rejecting the proposed change and informing

9  Osvaldo that Grace would need to contact MetLife in order to complete the beneficiary change.

10  Id. at ¶ 5.

11        Osvalso responded on July 18, 2011, by sending a letter in which he informed MetLife that

12  Grace had passed away.  Id. at ¶ 6.  He included a copy of Grace's death certificate with the letter

13  and again requested that Plaintiff be named as the beneficiary.  Id.  Based on this communication,

14  Osvaldo believed the requested beneficiary change would be effective.  Id.

15        Plaintiff alleges that MetLife received Osvaldo's July 18th letter and reviewed it on August

16  1, 2011.  Id. at ¶ 7.  She also alleges that Osvaldo did not receive a response from MetLife, and

17  that MetLife continued to accept premium payments.  Id.

18        Osvaldo continued to make the premium payments until his death.  Id. at ¶ 9.  Despite his

19  request to change the beneficiary, Plaintiff alleges the insurance proceeds were ultimately

20  distributed to Grace's contingent beneficiaries.  Id.

21     **B.   The Prior Interpleader**

22        On October 29, 2013, MetLife commenced an interpleader action over the life insurance

23  proceeds in the United States District Court for the Central District of California in order to

24  resolve the competing claims of Plaintiff and Grace's beneficiaries.  See MetLife's Req. for

25

26

27  _____

[1] Since Plaintiff and Osvaldo share a common surname, the court will refer to Osvaldo by his first name in this order solely for clarity.  The court means no disrespect.

28
2

United States District Court
Northern District of California

1  Judicial Notice ("RJN"), Docket Item No. 22, at Ex. 1.[2]

2      While the interpleader was pending, Plaintiff signed a document on January 6, 2014,

3  entitled "Stipulation for Release of Funds" (the "Stipulation") in which Plaintiff agreed that

4  neither she nor Grace's beneficiaries had competing claims against the life insurance proceeds.

5  See Decl. of James C. Castle, Docket Item No. 22, at Ex. 1.  Plaintiff further agreed that the

6  proceeds should be paid to Grace's beneficiaries, and that the interpleader should be dismissed.

7  Id.

8      The district court issued an order to show cause on January 13, 2014, requiring MetLife to

9  identify the basis for federal subject matter jurisdiction.  See Pl.'s RJN, at Ex. B.  MetLife then

10  voluntarily dismissed the interpleader action on February 21, 2014.  See MetLife's RJN, at Ex. 2.

11      **C.**   **Commencement of this Action**

12      Plaintiff initiated the instant action in Monterey County Superior Court on August 22,

13  2014, based on the theory that MetLife is estopped from denying Plaintiff the insurance proceeds.

14  MetLife removed the case to this court on October 2, 2014.  This motion followed.

15  **II.**   **LEGAL STANDARD**

16      Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the

17  pleadings "[a]fter the pleadings are closed - but early enough not to delay trial."  Judgment on the

18  
19  [2] Plaintiff's RJN consisting of the interpleader docket and an order to show cause issued by the court in that action is GRANTED.  See Fed. R. Evid. 201(b) (the court "may judicially notice a

20  fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); see also Reyn's

21  Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (the court "may take judicial notice of court filings and other matters of public record").

22  
23  MetLife's RJN, which contains the interpleader complaint and the Stipulation signed by the is also GRANTED.  Although Plaintiff objects generally to these documents, she notably does not

24  question their authenticity.  Nor can she legitimately claim she was unaware of these documents. Thus, the interpleader complaint is properly noticed as a court-filing.  The Stipulation, although

25  apparently never filed in the interpleader, is nonetheless subject to judicial notice as a document "crucial to the plaintiff's claims, but not explicitly incorporated in" the complaint.  Parrino v. FHP,

26  Inc., 146 F.3d 699, 706 (9th Cir. 1998); see Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) (explaining that a "plaintiff should not so easily be allowed to escape the

27  consequences of its own failure" by neglecting to reference or attach unfavorable documents to the complaint).

28  
Case No.: 5:14-cv-04436-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

1  pleadings is proper when "'there is no issue of material fact in dispute, and the moving party is

2  entitled to judgment as a matter of law.'"  Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir.

3  2012) (quoting Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)).

4        The standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6)

5  motion.  Id.  Thus, a court must presume all facts alleged in the complaint as true, and determine

6  whether the complaint demonstrates a plausible entitlement to a legal remedy.  See Bell Atl. Corp.

7  v. Twombly, 550 U.S. 544, 555-57 (2007) (discussing the standard for dismissal under Rule

8  12(b)(6)).  It may also consider materials subject to judicial notice without converting the motion

9  into one for summary judgment.  United States v. 14.02 Acres, 547 F.3d 943, 955 (9th Cir. 2008).

## III.    DISCUSSION

11        MetLife makes a number of arguments in support of judgment on the pleadings, each of

12  which is discussed below.

### A.    Compulsory Counterclaim

14        MetLife first argues that Plaintiff is barred from bringing this action because any claims

15  should have been asserted in the prior interpleader action as compulsory counterclaims.  This

16  argument lacks merit.

17        Federal Rule of Civil Procedure 13(a) governs compulsory counterclaims, and states in

18  pertinent part:

> A pleading must state as a counterclaim any claim that - at the time
> of its service - the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject
> matter of the opposing party's claim; and (B) does not require
> adding another party over whom the court cannot acquire
> jurisdiction.

23  "The purpose and design of Rule 13(a) is to prevent multiplicity of litigation and to bring

24  about prompt resolution of all disputes arising from common matters."  Local Union No. 11, Int'l

25  Bhd. of Elec. Workers, AFL-CIO v. G.P. Thompson Elec., Inc., 363 F.2d 181, 184 (9th Cir. 1966).

26  For that reason, "[i]f a party fails to plead a compulsory counterclaim, he is held to waive it and is

27  precluded by res judicata from ever suing upon it again."  Id.

4

Rule 13 does not apply to every claim that could or should have been asserted in prior litigation. Indeed, the language of the rule denotes that preclusion will only apply to claims that should have been asserted in a "pleading." Thus, while the Ninth Circuit has not yet commented on this issue, district courts faced with these circumstances have held, consistent with other circuits, that "the bar to future suit does not arise if the defendant in the prior action did not file a responsive pleading." MRW, Inc. v. Big-O Tires, LLC, No. CIV. S-08-1732 LKK/DAD, 2008 U.S. Dist. LEXIS 101902, at *29, 2008 WL 5113782 (E.D. Cal. Nov. 26, 2008) (citing United States v. Snider, 779 F.2d 1151, 1157 (6th Cir. 1985) ("Rule 13(a) only requires a compulsory counterclaim if the party who desires to assert a claim has served a pleading.")).

Here, Plaintiff argues she was never served with the MetLife's interpleader complaint and never filed a responsive pleading in that action. MetLife has not shown otherwise and its authorities do not address the particular procedural circumstances presented by this case. Accordingly, MetLife has not met its burden on this issue and cannot obtain judgment based on Rule 13(a).

### B. Waiver and Estoppel

MetLife believes Plaintiff waived her right to recover the life insurance proceeds when she signed the Stipulation in connection with the interpleader action. On a similar note, MetLife argues Plaintiff is estopped from now seeking payment of the insurance proceeds due to the Stipulation. In response, Plaintiff argues that disputed issues of fact make a motion for judgment on the pleadings an ineffective vehicle for the application of these affirmative defenses. Plaintiff is correct.

"Waiver is the voluntary relinquishment of a known right." Outboard Marine Corp. v. Super. Ct., 52 Cal. App. 3d 30, 41 (1975). "To constitute a waiver, it is essential that there be an existing right, benefit, or advantage, a knowledge, actual or constructive, of its existence, and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that it has been relinquished." Id.

"The doctrine of equitable estoppel is founded on concepts of equity and fair dealing."

Case No.: 5:14-cv-04436-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
Northern District of California

1    Strong v. Cnty. of Santa Cruz, 15 Cal. 3d 720, 725 (1975).  Generally, "[i]t provides that a person

2    may not deny the existence of a state of facts if he intentionally led another to believe a particular

3    circumstance to be true and to rely upon such belief to his detriment."  Id.   "The elements of the

4    doctrine are that (1) the party to be estopped must be apprised of the facts; (2) he must intend that

5    his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to

6    believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he

7    must rely upon the conduct to his injury."  Id.

8            Although waiver and estoppel are related doctrines and are sometimes referred to

9    collectively under one moniker, they actually require distinct considerations.  "Waiver refers to the

10   act, or the consequences of the act, of one side."  Old Republic Ins. Co. v. FSR Brokerage, Inc., 80

11   Cal. App. 4th 666, 678 (2000).  "Thus, '[t]he pivotal issue in a claim of waiver is the intention of

12   the party who allegedly relinquished the known legal right.'"  Id. (quoting DRG/Beverly Hills,

13   Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd., 30 Cal. App. 4th 54, 60 (1994)).  Estoppel, in

14   contrast, focuses solely on conduct.  See Oakland Raiders v. Oakland-Alameda Cnty. Coliseum,

15   Inc., 144 Cal. App. 4th 1175, 1189 (2006).  That doctrine "'is applicable where the conduct of one

16   side has induced the other to take such a position that it would be injured if the first should be

17   permitted to repudiate its acts.'"  Old Republic Ins. Co., 80 Cal. App. 4th at 678 (quoting

18   DRG/Beverly Hills, Ltd., 30 Cal. App. 4th at 59).

19           As Plaintiff points out, waiver and estoppel are traditionally asserted as affirmative

20   defenses and most often compel the consideration of facts outside the complaint in order to

21   determine whether they preclude a plaintiff's claims.  This attribute commonly makes them

22   unsuitable topics for a motion under Rule 12.   However, there is no absolute bar to the

23   consideration of affirmative defenses in the context of a motion challenging only the complaint.

24   "[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss

25   where the 'allegations in the complaint suffice to establish' the defense."  Sams v. Yahoo! Inc.,

26   713 F.3d 1175, 1179 (9th Cir. 2013) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)).  "Where a

27   court grants a Rule 12(b)(6) or Rule 12(c) motion based on an affirmative defense, the facts

28

United States District Court
Northern District of California

1  establishing that defense must: (1) be "definitively ascertainable from the complaint and other

2  allowable sources of information," and (2) "suffice to establish the affirmative defense with

3  certitude." Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008) (quoting

4  Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006)).

5          Here, the Complaint and "other allowable sources of information" do not establish for the

6  purposes of this motion that Plaintiff waived any claim against MetLife.  This is so because the

7  language of the document upon which MetLife principally relies for this argument - the

8  Stipulation filed in the interpleader - does not sufficiently reveal what Plaintiff intended when she

9  signed it.  According to the Stipulation, Plaintiff acknowledged and agreed only that she did not

10  have a competing claim against the life insurance proceeds.  While this statement does seem

11  superficially inconsistent with Plaintiff's instant claims, the court cannot confidently find that

12  Plaintiff waived any unstated claim based on that language alone.  Divining Plaintiff's intent

13  would require the court to engage in the types of fact-finding or interpretation that cannot be done

14  in the context of a motion for judgment on the pleadings.  At this point, all reasonable inferences

15  must be drawn in favor of Plaintiff, not MetLife.  Retail Prop. Trust v. United Bhd. of Carpenters

16  & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014).

17          Whether or not Plaintiff should be estopped from asserting claims against MetLife is also

18  an issue that cannot be resolved on this limited record.  As the papers reveal, the parties dispute

19  the universe of relevant facts as well as the extent of Plaintiff's knowledge at the time she signed

20  the Stipulation.  In addition, the extent of MetLife's ignorance of the true state of facts is not

21  something that can be determined solely from the dismissal of the interpleader subsequent to

22  Plaintiff's execution of the Stipulation.  Though MetLife proposes a possible and reasonable

23  narrative, it is not enough to obtain judgment in its favor.

24          In sum, the parties' states of mind are critical to both waiver and estoppel in one form or

25  another and simply cannot be established based on the Complaint and other documents presently

26  subject to consideration.  Accordingly, MetLife has not shown that these affirmative defenses

27  foreclose Plaintiff's claims.

28

Case No.: 5:14-cv-04436-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

C.   **Plausible Entitlement to Remedy**

MetLife further argues that Plaintiff cannot recover damages against it because the allegations in the Complaint, which seem to sound in estoppel,[3] do not make out a valid claim under California law.  The court agrees with MetLife that Plaintiff cannot as a matter of law assert such a claim under these circumstances.  See Behnke v. State Farm Gen. Ins. Co., 196 Cal. App. 4th 1443, 1462-63 (2011) (affirming demurrer to claim for equitable estoppel because "a stand-alone cause of action for equitable estoppel will not lie as a matter of law"); Moncada v. W. Coast Quartz Corp., 221 Cal. App. 4th 768, 782 (2013) ("As estoppel in pais cannot be stated as an independent cause of action in California, the trial court was correct in sustaining defendant's demurrer to this allegation in the original complaint.").  Thus, MetLife is entitled to judgment on the pleadings as to the only claim presently asserted in the Complaint.

For her part, Plaintiff essentially concedes her inability to base claims on an equitable estoppel theory and instead seeks leave to assert other causes of action not currently listed in the Complaint.  See Opp'n, Docket Item No. 25, at p. 6:18-20 ("MetLife's argument is based upon the existing complaint, which Plaintiff seeks leave to amend.  Consequently, rather than focusing on the existing complaint (which will be amended), Plaintiff will outline the causes of action she will be able . . . to assert.").  Specifically, Plaintiff contends she can state claims against MetLife for promissory estoppel, misrepresentation, breach of contract, breach of the covenant of good faith and fair dealing, and violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq.  Accordingly, the court examines whether Plaintiff should be permitted leave to amend her complaint.

Leave to amend is generally granted with liberality.  Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990).  Leave need not be granted, however, where the amendment

---

[3] In that regard, Plaintiff alleges that "MetLife is equitably estopped from denying payment of the life insurance proceeds to Plaintiff because MetLife engaged in conduct which caused Plaintiff not to take further steps to change the policy beneficiary to Plaintiff or take other action to provide Plaintiff with life insurance," and that "MetLife is estopped from denying Plaintiff the proceeds of [Osvaldo's] life insurance policy as his intended beneficiary."  See Compl., at ¶¶ 10, 12.

United States District Court
Northern District of California

1   of the complaint would cause the opposing party undue prejudice, is sought in bad faith,

2   constitutes an exercise in futility, or creates undue delay.  Foman v. Davis, 371 U.S. 178, 182

3   (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

4       In its reply, MetLife resists Plaintiff's leave request with arguments focused mainly on the

5   futility of her proposal.  "A district court does not err in denying leave to amend where the

6   amendment would be futile . . . or would be subject to dismissal."  Saul v. United States, 928 F.2d

7   829, 843 (9th Cir. 1991) (citations omitted).  "However, a proposed amendment is futile only if no

8   set of facts can be proved under the amendment to the pleadings that would constitute a valid and

9   sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988);

10   Foman, 371 U.S. at 182 (1962) (stating that "[i]f the underlying facts or circumstances relied upon

11   by a [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his

12   claim on the merits").

13       Plaintiff cannot state a claim for promissory estoppel.  The elements of promissory

14   estoppel are: "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to

15   whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party

16   asserting the estoppel must be injured by his or her reliance."  Boon Rawd Trading Int'l Co., Ltd.

17   v. Paleewong Trading Co., Inc., 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).  Contrary to what

18   Plaintiff argues, there are no allegations either in the Complaint or cited in the opposition which

19   would reference a "clear and ambiguous" promise by MetLife that would have reasonably led

20   Plaintiff to believe that she had become the beneficiary of the policy.  Nor can the court surmise

21   what such promise Plaintiff could allege under this factual scenario considering the entire dispute

22   stems from an alleged lack of communication.  Plaintiff's reliance on the "animating principle"

23   underlying the estoppel doctrine aside, the existence of an actual promise is critical to any

24   promissory estoppel claim and, without it, the claim can be maintained.  Div. of Labor Law

25   Enforcement v. Transpacific Transp. Co., 69 Cal. App. 3d 268, 277 (1977) (holding that "a

26   promise is an indispensable element of the doctrine of promissory estoppel," and observing that

27   "[t]he cases are uniform in holding that this doctrine cannot be invoked and must be held

28

United States District Court
Northern District of California

1    inapplicable in the absence of a showing that a promise had been made upon which the

2    complaining party relied to his prejudice").  Thus, Plaintiff's general reference to unidentified

3    "misrepresentations" from MetLife is not enough to raise the possibility of a plausible estoppel

4    claim.[4]

5         Similarly, allowing Plaintiff to bring a claim for breach of contract would be a futile

6    exercise.  Plaintiff cannot plead the existence of a contract between herself and MetLife with

7    respect to the life insurance policy.  See McKell v. Washington Mutual, Inc., 142 Cal. App. 4th

8    1457, 1489 (2006) ("A cause of action for breach of contract requires pleading of a contract . . .

9    .").  Furthermore, Plaintiff cannot plead that she was a third party beneficiary of the policy

10   because none of its provisions were for her benefit; to the contrary, her own allegations establish

11   that the policy was for the benefit of others.  See Cal. Civ. Code § 1559; see also Murphy v.

12   Allstate Ins. Co., 17 Cal. 3d 937, 943 (1976) ("A third party beneficiary may enforce a contract

13   expressly made for his benefit. . . . And although the contract may not have been made to benefit

14   him alone, he may enforce those promises directly made for him.").  Without the availability of

15   such allegations, a claim for breach of the covenant of good faith and fair dealing is also a legal

16   impossibility.  See Murphy, 17 Cal. 3d at 944 ("A third party should not be permitted to enforce

17   covenants made not for his benefit, but rather for others."); see also Hatchwell v. Blue Shield of

18   Cal., 198 Cal. App. 3d 1027, 1034 (1988) ("[L]iability for 'bad faith' has been strictly tied to the

19   implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual

20   relationship.  Where no such relationship exists, no recovery for 'bad faith' may be had.").  None

21   of the cases cited by Plaintiff address the factual scenario presented by this case and are consistent

22

23   ───────────────────
     [4] The case relied on by Plaintiff, Cooper v. State Farm Mutual Automobile Insurance Company,
24   177 Cal. App. 4th 876 (2009), is in accord.  There, the California Court of Appeals found that a
     duty to retain evidence could be imposed on an automobile insurer after that insurer made an
25   explicit promise to the insured that it would do so.  177 Cal. App. 4th at 894.  When the insurer
     later disposed of the evidence - a tire - to the detriment of the insured's litigation against the
26   manufacturer, the court held that the insured could bring a claim against the insurer based, inter
     alia, on a promissory estoppel theory.  Id.  ("Thus, rather than attempting to impose a duty on
27   State Farm to preserve evidence based upon general tort principles . . . plaintiff asserts that State
     Farm owed its duty to him based upon its promise to retain the tire and plaintiff's reliance
     thereon.").

28
                                                    10
     Case No.: 5:14-cv-04436-EJD
     ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

with this discussion in any event.

In addition, Plaintiff does not have standing to assert a misrepresentation claim against MetLife.  The elements of intentional misrepresentation in California are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997).  The elements of negligent misrepresentation are similar except that a plaintiff need not show that the defendant knew of the falsity of the statement, but rather that the defendant lacked reasonable ground for believing the statement to be true."  McReynolds v. HSBC Bank USA, No. 5:11-cv-05245 EJD, 2012 U.S. Dist. LEXIS 165219, at *6, 2012 WL 5868945 (N.D. Cal. Nov. 19, 2012).  According to Plaintiff, MetLife misrepresented that she was a beneficiary under the life insurance policy or perhaps failed to inform her that she was not a beneficiary.  Either way, it is inescapable that Plaintiff, a stranger to the life insurance policy, cannot establish legal reliance on anything MetLife did or did not do because MetLife "simply owed no duty to a person who was not the prospective party to the insurance contract."  The Mega Life Health & Ins. Co. v. Super. Ct., 172 Cal. App. 4th 1522, 1530 (2009).  Breach of a duty is "the crucial issue in any analysis of tort liability."  Id. at 1529.  "Without such a duty, any injury is 'damnum absque injuria' - injury without wrong."  Id. at 1527.  The cases upon which Plaintiff relies do not hold otherwise.  See Eddy v. Sharp, 199 Cal. App. 3d 858, 864 (1988) ("As is true of negligence, responsibility for negligent misrepresentation rests upon the existence of a legal duty, imposed by contract, statute or otherwise, owed by a defendant to the injured person."); see also Pastoria v. Nationwide Ins., 112 Cal. App. 4th 1490, 1499 (2003) ("The general rule is that even if material facts were known to one party and not the other, the failure to disclose the facts is usually not actionable fraud absent a fiduciary relationship giving rise to a duty to disclose.").

Finally, Plaintiff's damages theory would not permit her to recover for a UCL violation. Remedies available to private plaintiffs under the UCL "are generally limited to injunctive relief and restitution."  Cel-Tech Commc'ns Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999). Plaintiff has not requested and cannot receive injunctive relief against MetLife because any

Case No.: 5:14-cv-04436-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
Northern District of California

alleged harm will not be repeated.  See Mayfield v. United States, 599 F.3d 964, 970 (9th Cir.

2010) (explaining that "a plaintiff must show inter alia that he faces imminent injury on account of

the defendant's conduct" to seek an injunction).  She also has not and does not propose asking for

anything other than damages.  See Opp'n, at p. 8:5-7 ("Plaintiff alleged damages of at least

$250,000.  Plaintiff alleges that if MetLife had not misled her, she and her husband would have

cancelled the MetLife policy and obtained a replacement policy.").  Damages are not restitution

and cannot be recovered under the UCL.  Zhang v. Super. Ct., 57 Cal. 4th 364, 371 (2013).

　　　　For these reasons, the court concludes that allowing Plaintiff to amend her complaint in the

way she proposes would be futile.  Her request will be denied.

## IV.　ORDER

　　　　Based on the foregoing, MetLife's Motion for Judgment on the Pleadings (Docket Item

No. 22) is GRANTED.  Plaintiff's request for leave to file an amended complaint is DENIED.

　　　　Since this result effectively resolves this action, judgment will be entered in favor of

MetLife and the Clerk shall close this file.


　　　　**IT IS SO ORDERED.**

Dated:  October 29, 2015



EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:14-cv-04436-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS